IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Ricky Dockery,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **Texas Department of Criminal Justice,** | § | |
| | § | |
| Defendant. | § | **(JURY TRIAL DEMANDED)** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Ricky Dockery, filing his Original Complaint complaining of Defendant, Texas Department of Criminal Justice, and in support thereof would show as follows:

**I.**

**JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to (i) 42 U.S.C. §1981 and (ii) Title VII of the Civil Rights Act of 1964, as amended.

2. Ricky Dockery resides in Palestine, Texas. Plaintiff is an African-American and is protected by 42 U.S.C. §1981 and Title VII. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

3. Texas Department of Criminal Justice operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statutes.

4.     Texas Department of Criminal Justice employed more than fifteen (15) regular employees.

5.     The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division.  Venue is appropriate in this Court.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6.     Whenever in this complaint it is alleged that the Defendant Texas Department of Criminal Justice did any act or thing, it is meant that the Defendant Texas Department of Criminal Justice  supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant Texas Department of Criminal Justice or was done in the normal and routine course and scope of employment of Defendant Texas Department of Criminal Justice's supervisors, agents, servants, employees, or representatives.

7.     The acts of management were performed while in the employment of Defendant's Texas Department of Criminal Justice, to further Defendant Texas Department of Criminal Justice's business, to accomplish the objective for which said managers were hired, and within the course and scope of that employment or within the authority delegated to said employees.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.     Plaintiff, Ricky Dockery, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about May 12, 2016.  In that Charge, No. 460-2016-2875, and any amendments and/or attachments thereto, Plaintiff Dockery asserted that Defendant discriminated against him because of his race.

9. Therefore, Plaintiff was forced to file this suit in order to protect his employment rights. Plaintiff has exhausted his administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

10. Plaintiff (African-American) remembers fondly the day he received the offer to work for Texas Department of Criminal Justice ("TDCJ"). He truly believed that he was destined to work for TDCJ well into the foreseeable future. That was more than thirty (30) years ago!

11. In or about March of 2014, Plaintiff ended his long-standing employment as Assistant Plant Manager of the Beto-Sign Plant via a resignation. Plaintiff did not go away quietly into retirement. He re-applied and was selected by Plant Manager Garry Mullins' (Anglo) as the Industrial Specialist III in or about December of 2014.

12. The Assistant Plant Manager position, under Manager Mullins, became open again in or about May or June of 2015. The vacant position was officially posted on or about September 9, 2015. Plaintiff interviewed for such on or about October 14, 2015 with Manager Mullins and Regional Manager Jeannette Alford (Anglo). Plaintiff was selected for the managerial position.

13. Upper management failed to honor its management's selection of Plaintiff.

14. Instead the position was re-posted on or about November 4, 2015. The deadline for interested applicants to apply for this position was extended several times. Again, Plaintiff applied for the position. He was interviewed. Upon information and belief, the other candidates failed to appear for their interview. Plaintiff was again selected for the position. And, once

again, TDCJ refused to award him said position.

15. In an Inter-Office Communications dated January 9, 2016, Manager Mullins informed Director of Manufacturing & Logistics Division Bobby Lumpkin and Assistant Director of Texas Correctional Industries Kevin VonRosenburg "My selection for Assistant Plant Manager is Mr. Rick Dockery. His wealth of experience and knowledge of the Beto Sign Plant is impressive…."

16. On February 12, 2016, Manager Mullins emailed Kevin Vonrosenberg his selection of Plaintiff for the position.

17. On March 3, 2016, Bobby Lumpkin emailed Terry Carter and Darin Pacher stating that he did not agree with Plaintiff as the selectee for the management position at the Beto Sign Shop.

18. On or about March 8, 2016, Plaintiff received a letter from Human Resources Administrator Terry Tubbs Carter stating:

> *The position of Industrial Specialist VI – Metal Sign Plant Assistant Plant Manager at the Beto I Unit, for which you applied, has been filled.*
>
> *I certainly encourage you to continue seeking advancement with our agency. The Texas Department of Criminal Justice is continually in search of qualified applicants.*

19. The position was filled by John Graham, Caucasian.

20. On or about March 11, 2016, Plaintiff filed an EEO Complaint internally at TDCJ.

21. He filed a Charge of Discrimination with the EEOC on or about May 14, 2016.

22. Plaintiff was instructed to train Mr. Graham.

23. Mr. Graham informed Plaintiff that he was aware of Plaintiff's legal claims

against TDCJ.  Moreover, Mr. Graham admitted that Plaintiff was the "man for this job!"

24. The effect of the practices complained of herein have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

## IV.

## CAUSES OF ACTION

A. <u>RACE DISCRIMINATION PURSUANT TO **42 U.S.C. §1981 And TITLE VII**</u>

25. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

26. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of 42 U.S.C. §1981 and Title VII, by intentionally interfering with Plaintiff's work performance and advancement because of his race.

27. This intentional interference consisted of discrimination of a continuous nature.

28. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff, which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

29. The above-described acts on Defendant's part caused Plaintiff's substantial injury and damage.

## V.
## JURY DEMAND

30. Plaintiff's request that this action be heard before a jury.

## VI.
## DAMAGES

31. Defendant's conduct constitutes violations of statutory and/or common law. Such unlawful conduct seriously affects Plaintiff in his occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages in an amount to be proved at trial.

32. Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in these causes of action Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

33. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve their ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

34. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of race.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,
Law Offices of Katrina Patrick

*/s/ Katrina Patrick*
_____

**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
6575 West Loop South, Suite 500
Bellaire, Texas  77401
Telephone:  (713) 796-8218

**ATTORNEY FOR PLAINTIFF**
Ricky Dockery